UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISH ONE SATELLITE, LLC,<br><br>Defendant. | Case No: 5:15-cv-02218-CBM-DTB<br><br>**ORDER RE: JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS; AND MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARD** |

The matters before the Court are the Joint Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Dkt. No. 113), and Motion for Attorneys' Fees, Costs and Service Award (Dkt. No. 109).

The Court having held a Final Approval Hearing on November 14, 2017, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order (1) preliminarily approving class action settlement, (2) conditionally certifying Settlement Class, (3) approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release, including its exhibits (Dkt. No. 102-3), fully executed in March of 2017 (the "Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Dkt. No. 108) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The Settlement Class comprised of the National Do-Not-Call Class and the Internal Do-Not-Call Class is defined as follows:

(a) The "National Do-Not-Call Class" means:

> All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant for the purpose of promoting Defendant's products or services, within a twelve-month period, between January 1, 2012 and

October 28, 2015, to a telephone number with area code 603 or 909.

(b) The "Internal Do-Not-Call Class" means:

All persons within the United States whose telephone numbers were listed on Defendant's and/or its agent's internal do-not-call list for at least 30 days who received more than one call made by or on behalf of Defendant for the purpose of promoting Defendant's products or services, within a twelve-month period, between January 1, 2012 and October 28, 2015.

Excluded from the Settlement Class are the Judges to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who are validly excluded from the Settlement Class. All Persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be bound by this Order or any release provided herein. A list identifying all Persons who validly excluded themselves from the Settlement Class is attached hereto as Exhibit A.

4. There is no evidence before the Court of any objections to the Settlement.

5. The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, on the one hand, and Defendant and Defendant's Counsel, on the other hand.

6. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.F of the Agreement (Dkt. No. 102-3), Paragraph 11 of this Court's Preliminary Approval Order (Dkt. No. 108), and this Court's Order Granting Joint Ex Parte Application For Approval of Supplemental Class Notice (Dkt. No.

1 | 112). The Court further finds that the Media Notice was provided in accordance with the terms set forth in the Agreement.

7. The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to the members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. This Court hereby finds and concludes that the notice provided by Defendant pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. The Plaintiff, in her role as Class Representative, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

10. The Court specifically approves Class Counsel's application for attorneys' fees of $233,750, which the Court finds to be fair and reasonable according to either the percentage-of-the-fund or lodestar method, and the Court further finds Plaintiff's counsel's hourly rates are reasonable. The Court also approves the Class Counsel's application for $28,823.23 in litigation costs. Accordingly, Class Counsel is hereby awarded a total of $262,573.23 (in fees and

costs combined), and such amount is to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

11. The Court finds the payment of a service award in the amount of $5,000 to the Settlement Class Representative (Carrie Couser) is fair and reasonable. Accordingly, the Settlement Class Representative is hereby awarded $5,000, paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12. The Claims Administrator shall be paid $155,560 from the Settlement Fund as notice and claims administration expenses.

13. There are 2,848 valid claims reported by the Claims Administrator as of November 13, 2017. In additional to the 2,848 valid claims, the Court approves as valid the 86 additional claims (i.e., 64 late claims and 22 claims that were deficient due to a lack of signature) identified by Class Counsel at the Final Approval Hearing. Therefore, there are a total of 2,934 valid claims to the Settlement.

14. The Settlement Class Members who submitted a timely and valid claim (including the 64 late claims and 22 deficient claims lacking a signature) shall be paid their *pro rata* share of the Settlement Fund (estimated to be approximately $174 at the time of the supplemental briefing filed on November 8, 2017, after deduction of attorneys' fees, litigation costs, a service award to Plaintiff and notice and claims administration expenses.

15. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order.

16. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representative is typical of the claims of the Settlement Class; the Class Representative will fairly and adequately protect the interests of the class; the questions of law or fact common to class

members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Defendant.

17. The Court hereby approves New Media Rights of California Western School of Law as the contingent *cy pres* recipient of unclaimed settlement funds in accordance with Section III.H.3 of the Agreement.

18. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, this Action.

19. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

20. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

21. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed

or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

23. In the event that any provision of the Settlement or this Order is asserted by Defendant as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

24. By incorporating the Agreement and its terms herein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1) re: injunctions and restraining orders.

25. Finding that there is no just reason for delay, the Court orders that this Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall

be the exclusive remedy for any and all Released Claims or Plaintiffs and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

26. If an appeal, writ proceeding or other challenge is filed as to this Order, and if thereafter the Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

27. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

**IT IS SO ORDERED.**

Dated: November 21, 2017

Hon. Consuelo B. Marshall
United States District Judge

# EXHIBIT A

**Requests For Exclusion**

Count 8

10008883101 BEAVERS BURTBRIDGE
10025390801 EVANS SHIRLEY
10036032401 HESS EDDIE
10036914501 HODGE MARY
10056805101 MOORE CHARLES
70000027601 RIDER ANDREW
10068309501 RIETH ANN
10068728301 ROBBINS GENIECE